EBENEZER BRAGDON *vs.* WILLIAM T. HARMON.

Androscoggin. Opinion December 30, 1878.

*Amendment of description of plaintiff.*

The plaintiff in his writ described himself, executor of, etc., and declared on a promise to himself, not to his testator. *Held*, that it was a suit in the private and individual capacity of the plaintiff; that the words "executor,' etc., were but *descriptio personœ*, and that an amendment by striking them out did not change the legal status of the parties. *Held*, also, that to constitute a suit in his representative capacity, the plaintiff must not only describe himself as an executor, but he must aver that the promise was made to the testator, in his life-time, or that it was made to the plaintiff as executor. An averment that it was made to the plaintiff, executor, without saying as executor, is not sufficient.

ON EXCEPTIONS, from the municipal court of the city of Lewiston.

ASSUMPSIT, wherein the defendant was summoned to appear [etc.,] and answer to Ebenezer Bragdon of [etc.,] executor of the last will and testament of George Bragdon, late [etc.]. In a plea of the case [etc.,] then and there in consideration thereof, promised the plaintiff to pay him the same on demand. Then followed an account annexed for a lot of standing grass on the George Bragdon place, in Durham. The amendment allowed, and the exceptions are stated in the opinion.

*L. H. Hutchinson, A. R. Savage & F. D. Hale,* for the defendant.

*A. P. Moore,* for the plaintiff.

WALTON, J. This is an action of assumpsit to recover a balance claimed to be due for some grass which the plaintiff had sold to the defendant. The grass grew upon land which had

recently become the property of the plaintiff, under the will of George Bragdon ; and, being executor of the will, the plaintiff so described himself in his writ, and in the account thereto annexed. At the trial, in the municipal court of the city of Lewiston, the judge found, as matter of fact, that the grass belonged to the plaintiff, in his individual, and not in his representative capacity. The plaintiff then moved for leave to amend by striking out the words which described him as an executor, and the amendment was allowed. The case is before the law court on exceptions to the allowance of this amendment. The defendant contends that the amendment changed the legal status of the parties, and required him to answer to Ebenezer Bragdon, instead of the estate of George Bragdon, and that such an amendment is not legally allowable.

The defendant is in error in assuming that the amendment changed the legal status of the parties. True, the plaintiff described himself in his writ as an executor, but the cause of action is described as one accruing to him in his own right. He does not aver that the promise, on which the action is brought, was made to the testator; nor that it was made to him, as executor. It is described as one made to the plaintiff himself, and upon a consideration moving from him. A suit, in which the cause of action is thus described, is a suit in the private and individual capacity of the plaintiff. To constitute a suit in his representative capacity, the plaintiff must not only describe himself as an executor, but he must aver that the promise was made to the testator, in his life-time, or that it was made to the plaintiff, as executor. An averment that it was made to the plaintiff, executor, without saying that it was made to him, as executor, is not sufficient. *Brigden* v. *Parkes*, 2 Bos. & Pul. 424. *Henshall* v. *Roberts*, 5 East. 150. *Webb* v. *Cowdell*, 14 M. & W. 820. *Spurgen* v. *Robinet*, 4 Bibb. (Kentucky), 75.

The words, which in the writ in this suit described the plaintiff as an executor, were as unimportant as if they had described him as a farmer, or a mechanic, or a justice of the peace. Striking them out in no way affected the cause of action, or the proof necessary to support it, or the capacity in which the plaintiff sued.

The amendment was therefore entirely harmless ; and the defendant was not, and could not have been aggrieved by its allowance.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.