FRANK D. AMES *vs.* GEORGE WESTON.

Lincoln County. Decided September 8, 1927. Action of replevin to recover certain household furniture "belonging to Frank D. Ames, Administrator of the estate of Charles E. Ames, deceased."

Except for the language above quoted, neither in the writ, declaration or bond is any allusion made to the decedent, or to the plaintiff's office as Administrator. A non suit was ordered. The plaintiff excepts. The appointment and qualification of the plaintiff as Administrator were admitted. Demand and refusal before suit brought were proved.

It was shown, prima facie at least, that the furniture was owned by the decedent at the time of his death and also that the plaintiff had not had possession of it before the taking on the replevin writ.

The plaintiff's counsel produces authorities tending to show that by some courts language similar to that hereinabove quoted has been

held sufficient to show that the action was brought by the plaintiff as Administrator, and to permit the maintenance of a suit in that capacity.

But the law is established otherwise in Maine. In *Bragdon* vs. *Harmon*, 69 Me. 30 it is said that "the words which in this suit described the plaintiff as an Executor were as unimportant as if they had described him as a farmer or a mechanic or a justice of the peace." The words of the declaration quoted in the first paragraph hereof were mere descriptio personae. *Bank* vs. *Lane*, 80 Me. 168.

The suit was brought by Frank D. Ames individually. The evidence showed that the replevied goods were the property of Charles E. Ames, deceased. On this ground a non suit was properly ordered.

The plaintiff argues that this is a narrow and technical rule. However this may be, it is logical and we perceive no sufficient reason for reversing the earlier decisions. Exceptions overruled. *George A. Cowan*, for plaintiff. *Weston M. Hilton*, for defendant.